**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

THOMAS G. BRUTON
CLERK

312-435-5670

Date:                                            Judge:

                                                        Case No.:

Dear Counsel:

       Mediation frequently aids in settling trademark disputes and other Lanham Act cases. For that reason, the District Court for the Northern District of Illinois established its voluntary mediation program in 1996 for Lanham Act cases. The program is Lanham Act case specific and draws on mediators who are specialists in such cases. Since its establishment, the Northern District mediation program has assisted many parties in resolving their disputes without expending the large amounts of time, effort and resources normally involved in full scale litigation.

       You will find enclosed materials describing the Court's Lanham Act mediation program. They include a description of the program, the Local Rules and procedures governing it, and a current list of mediators that have been qualified by the Court to mediate Lanham Act disputes. The program has often delivered prompt and economical resolutions to disputes, and the Court strongly encourages you and your client to take advantage of it.

       The docket indicates that you are appearing as counsel for one of the parties in this litigation. Pursuant to this Court's Rules and procedures, you are required to provide copies of this letter and all enclosures to each party you represent. If you represent a plaintiff, you also must provide copies of these papers to the attorney for each defendant. The attorney for each defendant then must provide these materials to each party that attorney represents. Within 21 days of the date of receipt of this letter, each attorney is required to file a Certificate with the Court stating that copies of these documents have been provided to the appropriate parties and attorneys.

       The Rules also require that the parties file a Notice with the Court stating whether they will participate in the Court's Lanham Act mediation program. This Notice must be filed at the earlier of the first scheduling conference, or 90 days after this case was filed. The Judge to whom this case has been assigned has been notified that you have been sent this letter, and will expect you timely to file the Certificate and Notice.

       The experience of the Court shows that the program provides tangible benefits to parties in resolving their disputes. Many lawyers and their clients have expressed satisfaction with the program, and many routinely encourage their clients to submit their disputes to mediation. We urge you and your client to proceed with mediation in this case. The best interests of your client would be served thereby.

                                                  Sincerely,

                                            /S/ _____
                                                   Deputy Clerk

Rev.12232019

List of Lanham Act Organizations and Individual Neutrals
Maintained pursuant to Local General Rule 16.3



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**　　　　　　　　　　　　　　　　　　　　312-435-5670
**CLERK**

### Current Lanham Act Mediators as of December 23, 2019

G. Marshall Abbey
The Law Offices of G. Marshall Abbey 105 Revere Drive, Suite E
Northbrook, IL 60062
(847) 291-9995
gma@gmabbeylaw.com

Richard B. Biagi
Neal & McDevitt
1776 Ash Street
Northfield, IL 60093
(847) 881-2455
rbiagi@nealmcdevitt.com

Lee J. Eulgen
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, IL 60602-3801
(312) 269-8000
leulgen@ngelaw.com

Frank Gao
Ladas & Parry, LLP
224 S. Michigan Ave., Suite 1600
Chicago, IL 60604
(312) 427-1300
fgao@ladas.net

Bradley C. Graveline
Sheppard Mullin LLP
70 West Madison Street, Suite 4800
Chicago, IL 60602
(312) 499-6316
bgraveline@sheppardmullin.com

David C. Hilliard
Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, LLP
200 S. Wacker Drive, Suite 2900 Chicago, IL 60606
(312) 554-7950
dhilliard@pattishall.com

Charles A. Laff
Michael, Best & Friedrich LLC
444 West Lake Street, Suite 3200
Chicago, IL 60606
(312) 661-2140
calaff@michaelbest.com

Leslie J. Lott
Lott & Fischer
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
(305) 448-7089
ljlott@lottfischer.com

Floyd A. Mandell
Katten, Muchin, Rosenman, LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5235
floyd.mandell@kattenlaw.com

Charles R. Mandly Jr
Foley & Lardner
321 N. Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4398
cmandly@foley.com

Cori A. Mathis
Hilbrich Law Firm
2637 45th Street
Highland, IN 46322
(216) 924-2427
cam@hilbrich.com

Jeffrey Thomas Norberg
Neal & McDevitt, LLC
1776 Ash Street
Northfield, IL 60093
(847) 881-2468
jnorberg@nealmcdevitt.com

Rev.12232019

List of Lanham Act Organizations and Individual Neutrals
Maintained pursuant to Local General Rule 16.3

Anne S. Jordan
Mandell Menkes LLC
1 N. Franklin Street, Suite 3600
Chicago, IL  60606
(312) 251-1000
ajordan@mandellmenkes.com

Daniel L. Kegan, Ph.D., J.D.
Kegan & Kegan LTD.
79 W. Monroe Street, Suite 1310
Chicago, IL  60603
(312) 782-6495
daniel@keganlaw.com

William T. Mcgrath
Davis & McGrath
125 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 332-4748
wmcgrath@davismcgrath.com

Larry Saret
Michael Best & Friedrich LLP
444 West Lake Street, Suite 3200
Chicago, IL  60606
(312) 661-2116
llsaret@michaelbest.com

Jonathan S. Jennings
Pattishall, McAuliffe, Newbury,
Hilliard & Geraldson LLP
200 South Wacker Drive
Suite 2900
Chicago, IL 60606-5896
Direct: (312)554-7937
Main: (312) 554-8000
Fax: (312) 554-8015
JSJ@pattishall.com

Debra J. Stanek, Esq
Law Offices of Debra J. Stanek, LLC
10 North Martingale Road, Suite 400
Schaumburg,  IL 60173
(847) 373-7637
dstanek@DJSLawOffices.com

Kevin J. McDevitt
Neal & McDevitt
1776 Ash Street
Northfield, IL 60093
(847) 881-2451
kmcdevitt@nealmcdevitt.com

Gary M. Ropski
1416 S. Plymouth Court
Chicago, IL 60605-2729
gropski@comcast.net

Julianne M. Hartzell
Marshall, Gerstein, and Borun LLP
6300 Willis Tower
233 S. Wacker Dr.
Chicago, IL 60606
(312) 474-6300
jhartzell@marshallip.com

Rev.12232019

**LR16.3.    Voluntary Mediation Program**

(a) PROGRAM ESTABLISHED.   A program for voluntary mediation is established for cases arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051-1127 ("the Lanham Act").

(b) PROCEDURES.    The voluntary mediation program shall follow the procedures approved by the Executive Committee. The procedures outline the responsibilities of counsel and the parties in cases that are eligible for the mediation program. Copies of the procedures may be obtained from the clerk.

(c) CONFIDENTIALITY    All mediation proceedings, including any statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission. No party shall be bound by anything done or said at the conference unless a settlement is reached, in which event the settlement shall be reduced to writing and shall be binding upon all parties.

Rev.12232019

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
PROCEDURES FOR VOLUNTARY MEDIATION PROGRAM
FOR LANHAM ACT CASES
Adopted Pursuant to Local Rule 16.3(b)

**I. Screening and Assignment of Cases.**

  A. Pursuant to Local Rule 16.3, cases that are filed under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051-1127 (the "Lanham Act"), shall be assigned to the program of court-annexed mediation (Program). Cases that are filed under seal pursuant to local General Rule 10L and cases that are under seal pursuant to court order shall not be assigned to the Program during the time they remain under seal. Any time periods specified in these procedures shall be adjusted to exclude periods when cases are under seal.

  B. Cases shall be assigned to the Program on the basis of information recorded in the Integrated Case Management System (ICMS). The information used for this purpose will be the nature of suit and cause of action recorded for each civil case.1 A computer program will be run on a weekly basis to identify all civil cases filed during the previous week where the cause of action entered in ICMS is a Lanham Act citation or the nature of suit code entered in ICMS is 840 (i.e., the nature of suit code for trademark cases).

  C. A member of the staff of the Clerk of Court will check the complaint for each case identified by the weekly computer program to verify that the complaint indicates that the case has been filed pursuant to the Lanham Act.

**II. Notice of Assignment**

  A. For a case assigned to the Program, the Clerk shall provide notice of the assignment to the attorney who filed the action. If the case was commenced by a party filing *pro se*, the notice will be provided to the party. The notice will include a description of the Program. Along with the notice the Clerk will send a List of Lanham Act Organizations and Neutrals.

  B. The Clerk will notify the judge that the case has been assigned to the Program.

  C. Upon receiving the notice and accompanying material from the Clerk, each attorney notified as provided for in section II.A above must promptly provide a copy of the notice and accompanying descriptive material to that attorney's client and to the attorney for each defendant, if known, or to each defendant, if the attorney is not known. Defense attorneys must promptly provide copies of the material they receive to each party they represent.

**III. List of Lanham Act Organizations and Neutrals**

  A. Maintenance by the Clerk of a List of Lanham Act Organizations and Neutrals

  The clerk of the Court shall maintain and make available to the public a List of Lanham Act Organizations and Neutrals consisting of the name, address, and telephone numbers of each organization and person who has filed with the clerk the certificate specified by section C of this rule, and whose name has not been withdrawn or removed pursuant to section E of this rule. The clerk shall further maintain and make available to the public a file containing the certificates filed by those persons whose names are included on the list of mediators. Inclusion on the list does not constitute certification by the Court of the qualifications of the organization or neutral.

Rev.12232019

B. Minimum Criteria

No organization or person may file a certificate pursuant to paragraph C below or be included in the List of Lanham Act Organizations and Neutrals unless such person or organization meets the following minimum criteria:

(1) For Organizations:
a. A minimum of three years involvement with alternative dispute resolution in providing, sponsoring or training neutrals; and
b. Affiliation with two or more individuals who meet the minimum criteria set forth below.

(2) For Individuals:
a. Five years or more experience in the practice of Lanham Act law; or
b. Three years or more experience as a neutral (not necessarily in Lanham Act law).

C. Certificates

An organization may be included in the List of Lanham Act Organizations and Neutrals by filing with the Clerk of this Court a certificate containing the following information:

(1) For Organizations:
a. Name, address, and nature and duration of involvement in alternative dispute procedures and activities;
b. procedures and programs for training individuals in techniques of mediation and arbitration;
c. experience in training such individuals in connection with disputes under the Lanham Act;
d. experience in providing neutrals to mediate or arbitrate disputes under the Lanham Act;
e. names and addresses of individuals the organization represents are qualified by experience or training, or both, to mediate or arbitrate disputes under the Lanham Act, together with copies of their curricula vitae; and
f. representative cases (including citations to published decisions) in which the organization has participated, including the names and addresses of counsel and parties (unless such information is deemed confidential).

(2) For Individuals:
a. Name, address, and academic and legal education credentials;
b. years in the practice of Lanham Act law, including trademark and unfair competition law and false advertising law;
c. experience in mediating or arbitrating disputes under the Lanham Act, other intellectual property law disputes, or general commercial disputes;
d. a summary of Law School or C.L.E. courses in Lanham Act subject matter taken or taught, including seminars or meetings of the American Bar Association, ALI-ABA, American Intellectual Property Law Association, International (formerly The United States) Trademark Association, Practicing Law Institute, Chicago Bar Association, or other groups or organizations;
e. membership and committee activity in professional organizations dealing with intellectual property law, including the Lanham Act;
f. publications on Lanham Act or other intellectual property law subject matter;
g. Any other experience, including litigation experience, he or she believes relevant to serving as a neutral;
h. representative cases (including citations to published decisions) in which the individual has participated as a mediator or arbitrator, including the names and addresses of counsel and parties (unless such information is deemed confidential); and

      i. a copy of his or her curriculum vitae.
    D. Amendment and Updating.

Any organization and individual who files a certificate with the Clerk shall promptly file amendments to the certificates, whenever necessary or appropriate, to disclose any substantial change in the information provided in the certificate. In addition, each such organization or individual shall file a complete, updated certificate at no more than five year intervals.

    E. Withdrawal and Removal from the List of Lanham Act Organizations and Neutrals

Any organization or neutral may voluntarily withdraw from the List of Lanham Act organizations and neutrals at any time by providing written notification to the clerk of the Court, who shall thereupon remove the name of the organization or neutral from said List and remove that organization or neutral's certificate from the file of such certificates. If an organization or neutral fails to update his, her or its certificate pursuant to section D of this rule, or for good cause as certified to the clerk by the Chief Judge, the clerk shall remove the name of that organization or neutral from said List and remove that organization or neutral's certificate from the file of certificates.

## IV. Attorney Certification

As soon as practicable but in no event later than 21 days after receiving the notice provided pursuant to section II.A, each attorney for a party shall file with the Clerk a certificate stating that the attorney has mailed or otherwise provided a copy of the notice and all information about the Program to each party that the attorney represents in the action, or to the guardian or representative of each party.

## V. Notice of Participation or Non-Participation

A. Nothing in these Procedures shall be construed to affect the time within which a party is to answer or otherwise plead to a complaint. If a pleading in lieu of answer, or a motion for a temporary restraining order or a preliminary injunction is filed before the notice of participation or non-participation required by subsection B of this section has been filed, the court may fix a new time by which the parties must file the joint notice, or may find that the case is not appropriate for the program and excuse the parties from filing the joint notice, or may enter such other order as may be appropriate. Such action by the court shall be in writing, or on the record.

The parties in cases assigned to the Program are not required to participate in the Program but are strongly encouraged to do so. At the earliest of the first scheduling conference, or 90 days from filing of the complaint, the parties in cases assigned to the Program will file a jointly written notice indicating one of the following:
    (1) that they wish to participate in the Program;
    (2) that they do not wish to participate in the Program; or
    (3) that they are already participating in some other mediation program.

B. If the notice indicates that the parties do not wish to participate in the Program, a brief statement of the reason or reasons must be included in the notice. Such a statement shall not disclose the position of any individual party concerning participation in the Program. If the notice indicates that the parties are participating in some other mediation program, the notice must provide a brief description of the nature of the program.

C. The judge to whom a case eligible for the Program is assigned may impose sanctions for failure to notify clients pursuant to paragraph II.C. and/or failure to file the notice pursuant to paragraphs V.A and B.

Rev.12232019

**VI. Mediation Procedure**

    A. Mediation is a flexible, nonbinding and confidential dispute resolution process in which an impartial and qualified neutral facilitates negotiations among the parties in an attempt to help them reach settlement.

    B. The mediation process does not contemplate testimony by witnesses. The neutral does not review or rule upon questions of fact or law, or render any final decision in the case, but may provide an opinion on questions of fact or law, or on the merits of the case if the case if requested or if desirable.

    C. The parties shall select a neutral and obtain the consent of the neutral to act as mediator not more than 14 days after the filing of the joint notice of participation. The parties may request an extension of time for good cause shown. The parties may agree to select a neutral from the List of Lanham Act Organizations and Neutrals provided with the notice of assignment. In the event the parties wish to participate in the Program, but cannot agree on a panel neutral, the parties may contact any organization or individual identified in the List, which or who will assist in selecting a neutral for them.

    D. The neutral shall disqualify himself or herself in any case in which the circumstances listed in 28 U.S.C. § 455 exist, and would apply if the neutral were a judge.

    E. The neutral shall select a time and a place for the mediation conference, and any adjourned mediation session, that is reasonably convenient for the parties, and shall give them at least 14 days written notice of the initial conference. Except as ordered by the court for good cause shown, the date of the first mediation conference shall be not later than 45 days after the filing of the joint notice of participation and the date of the last conference shall be not more than 30 days following the first conference. If the parties settle the case prior to the mediation conference, they shall promptly advise the neutral and the judge assigned to the case that a settlement has been reached.

    F. The neutral may require the parties to submit memoranda, on a confidential basis and not served on the other parties, addressing the strengths and weaknesses in that party's case and the terms that party proposes for settlement.

    G. The following individuals shall attend the mediation conference unless excused by the mediator:

    (1) each party who is a natural person;
    (2) for each party that is not a natural person, either
       (a) a representative who is not the party's attorney of record and who has full authority to negotiate and settle the dispute on behalf of that party, or
       (b) if the party is an entity that requires settlement approval by a committee, board or legislative body, a representative who has authority to recommend a settlement to the committee, board or legislative body;
    (3) the attorney who has primary responsibility for each party's case; and
    (4) any other entity determined by the mediator to be necessary for a full resolution of the dispute referred to mediation.

    H. Except where a party has been excused as provided for by section VI.H. above, failure of an attorney or a party to attend the mediation conference as required shall be reported to the assigned judge and may result in the imposition of sanctions as the judge may find appropriate.

**VII. Reporting on the Program**

    A. Within 10 days following the conclusion of the mediation session, the neutral shall file a concise report with the court disclosing only whether required parties were present and the disposition of the case, including:

    (1) the case settled;

Rev.12232019

    (2) the parties agreed to adjourn for further mediation; or

    (3) the neutral determined that the negotiations are at an impasse.

    B. All written and oral communications made in connection with the mediation conference, including any statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury, or construed for any purpose as an admission. No party shall be bound by anything done or said at the conference unless a settlement is reached, in which event the agreement upon a settlement shall be reduced to writing and shall be binding upon all parties to that agreement. In addition, the parties are free to enter confidentiality agreements covering all information disclosed in memoranda and during the mediation session.

**VIII.   Costs**

    A. Absent agreement to the contrary, the parties shall share equally all costs incurred as a result of the mediation, including the costs of the neutral's services, except that each party shall be responsible for its own attorneys' fees.

    B. Neutrals shall be reimbursed for the expenses and compensated by the hourly rate disclosed by them during the selection process, or as agreed in writing in advance between the neutral and the parties.

    C. Except as provided in section VIII.B., a neutral shall not charge or accept anything of value from any source whatsoever for or relating to his or her duties as a neutral.

Rev.12232019

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
|  | ( | |
|  | ( | Case Number: |
|  | ( | |
|  | ( | |
| Plaintiff | ( | Assigned Judge: |
| vs. | ( | |
|  | ( | |
|  | ( | Designated |
|  | ( | Magistrate Judge: |
| Defendant | ( | |

## JOINT STATEMENT REGARDING PARTICIPATION IN THE VOLUNTARY MEDIATION PROGRAM FOR LANHAM ACT CASES

Pursuant to Section V.A. of the procedures for the voluntary mediation program, the undersigned parties hereby file this joint statement concerning their participation in the program.

A. The undersigned will participate in the Court's mediation program.

B. The undersigned will not participate in the Court's mediation program because not all all parties agree to take part in the program.

C. The undersigned will not participate in the Court's mediation program for the reasons described in the attached statement.

D. The undersigned will participate in another mediation program. (Note: A brief statement detailing the nature of the program must be attached.)

_____         _____
Signature of Plaintiff's Counsel         Signature of Defendant's Counsel


Date                                                      Date

Rev.12232019