IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART ASK AGENCY,<br><br>  Plaintiff,<br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>  Defendants. | Case No.:<br><br>Judge: |

## DECLARATION OF MARIA STRID

I, Maria Strid, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am the owner of ART ASK AGENCY and am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of ART ASK AGENCY including, but not limited to, its trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing, media coverage and associated international operations. I make this declaration from matters within my own knowledge, except where otherwise stated.

3. Plaintiff ART ASK AGENCY acts as the Licensing, Sales, Marketing, Design and Distribution arm of ANNE STOKES products and has a place of business at Lugar

1

Port Ginesta, 603, 08860 Botigues (Les), Barcelona, Spain. Plaintiff ART ASK AGENCY is a foreign company organized and existing under the laws of Spain.

4.      ART ASK AGENCY is in the business of developing, marketing, selling and distributing, and licensing ANNE STOKES products. ANNE STOKES mark is associated with a collection of fantasy art products created by British artist Anne Stokes and has been licensed for use in connection with many products worldwide. Her striking designs and life-like portrayals of fantasy subjects are widely acclaimed. ART ASK AGENCY is the official source of ANNE STOKES products:

http://artaskagency.com/our-licenses/anne-stokes/



5.      ART ASK AGENCY owns rights to the Anne Stokes mark and all derivative works for all ANNE STOKES prints including U.S. Copyright Registration Nos. VA2-152-055, VA2-152-057, VA2-152-045, VA2-152-048, VA2-152-065, VA2-152-061,

VA2-152-064, VA2-152-063, VA2-152-068, VA2-152-067, VA2-152-058, and VA2-152-019.

6. The above Copyright registrations for ANNE STOKES are valid, subsisting, and in full force and effect. True and correct copies of the federal Copyright registration certificates for ANNE STOKES are attached hereto as Exhibit 1.

7. The ANNE STOKES trademark and copyrighted materials are distinctive and identify the merchandise as goods from ART ASK AGENCY.

8. The ANNE STOKES trademark and copyrighted materials have been continuously used and never abandoned.

9. ART ASK AGENCY has expended substantial time, money and other resources in developing, advertising and otherwise promoting the ANNE STOKES trademark and copyrighted materials. As a result, products associated with the ANNE STOKES trademark and copyrighted materials are recognized and exclusively associated by consumers, the public and the trade as being products sourced from ART ASK AGENCY.

10. The success of the ANNE STOKES brand has resulted in its significant counterfeiting. Consequently, ART ASK AGENCY is implementing an anti-counterfeiting program and is investigating suspicious websites and online marketplace listings identified through external vendors in proactive Internet sweeps. ART ASK AGENCY has identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and Aliexpress, including the fully interactive commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A which is attached to the Complaint (collectively, the "Defendant Internet

Stores"), which were offering for sale, selling and importing counterfeit products in connection with counterfeit versions of ART ASK AGENCY's ANNE STOKES trademark and copyrighted material (the "Counterfeit ANNE STOKES Products") to consumers in this Judicial District and throughout the United States. Despite ART ASK AGENCY's enforcement efforts online, Defendants have persisted in creating the Defendant Internet Stores.

11. We perform, supervise and/or direct investigations related to Internet-based infringement of the ANNE STOKES trademark and copyrighted materials. Our investigation shows that Defendants are using the Defendant Internet Stores to sell Counterfeit ANNE STOKES Products from foreign countries such as China to consumers in the U.S. and elsewhere. We, or someone working under our direction, analyzed each of the Defendant Internet Stores and determined that Counterfeit ANNE STOKES Products were being offered for sale to consumers in the United States, including Illinois. This conclusion was reached through visual inspection of the products listed for sale on the website, the prices at which the Counterfeit ANNE STOKES Products were offered for sale, other features commonly associated with websites selling counterfeit products, because Defendants offered shipping to the United States, including Illinois, and because Defendants and their websites do not conduct business with ART ASK AGENCY and do not have the right or authority to use the ANNE STOKES trademark and copyrighted materials for any reason. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 2.

12. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be

authorized online retailers, outlet stores or wholesalers selling genuine ANNE STOKES Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, Amazon and PayPal. The Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. ART ASK AGENCY has not licensed or authorized Defendants to use the ANNE STOKES trademark and copyrighted materials, and none of the Defendants are authorized retailers of genuine ANNE STOKES Products.

13. Upon information and belief, Defendants also deceive unknowing consumers by using the ANNE STOKES trademark and copyrighted materials without authorization within the content, text and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for ANNE STOKES Products. In addition, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine ANNE STOKES Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

14. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of

Defendant Internet Stores. Other Defendant Domain Names often use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit ANNE STOKES Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit ANNE STOKES Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HADJL user-defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

16. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety

of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

17. Counterfeiters such as Defendants typically operate multiple credit card merchant accounts as well as Amazon and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of ART ASK AGENCY's enforcement efforts. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

18. Monetary damages alone cannot adequately compensate ART ASK AGENCY for ongoing infringement because monetary damages fail to address the loss of control of and damage to ART ASK AGENCY's reputation and goodwill. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to ART ASK AGENCY's reputation and goodwill by acts of infringement.

19. ART ASK AGENCY's goodwill and reputation are irreparably damaged when the ANNE STOKES trademark and copyrighted materials are used on goods not authorized, produced, or manufactured by ART ASK AGENCY. Moreover, consumer brand confidence is damaged, which can result in a loss of future sales and market share.

The extent of harm to ART ASK AGENCY's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

20. ART ASK AGENCY is further irreparably harmed by the unauthorized use of the ANNE STOKES trademark and copyrighted materials because counterfeiters take away ART ASK AGENCY's ability to control the nature and quality of products used with the ANNE STOKES trademark and copyrighted materials. Loss of quality control over goods using the ANNE STOKES trademark and copyrighted materials and, in turn, loss of control over our reputation is neither calculable nor precisely compensable. The sale of Counterfeit ANNE STOKES Products using the ANNE STOKES trademark and copyrighted materials also causes consumer confusion, which weakens ART ASK AGENCY's brand recognition and reputation. Consumers who mistakenly believe that the Counterfeit ANNE STOKES Products they have purchased originated from ART ASK AGENCY will come to believe that ART ASK AGENCY offers low-quality products. Inferior quality products will result in increased skepticism and hesitance in consumers presented with genuine ANNE STOKES Products, resulting in a loss or undermining of ART ASK AGENCY's reputation and goodwill.

21. ART ASK AGENCY is further irreparably damaged due to a loss in exclusivity. The ANNE STOKES Products are meant to be exclusive. ART ASK AGENCY's extensive marketing and distribution of ANNE STOKES Products are aimed at growing and sustaining sales of ANNE STOKES Products. The ANNE STOKES trademark and copyrighted materials are distinctive and signify to consumers that the products originate from ART ASK AGENCY and are manufactured to ART ASK AGENCY's high quality standards. When counterfeiters use the ANNE STOKES

trademark and copyrighted materials on goods without ART ASK AGENCY's authorization, the exclusivity of ART ASK AGENCY's products, as well as ART ASK AGENCY's reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

22. ART ASK AGENCY will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2020.

/s/ [signature]

9