# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ART ASK AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-1666 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case involves counterfeit unicorn drawings. The complaint includes a few examples of products that allegedly infringe Plaintiff's trademarks, which offer "striking designs and life-like portrayals of fantasy subjects." *See* Cplt. at ¶ 7 (Dckt. No. 1). One example is a puzzle of an elf-like creature embracing the head of a unicorn on a beach. *Id.* at p.4. Another is a hand purse with a large purple heart, filled with the interlocking heads of two amorous-looking unicorns. *Id.* There are phone cases featuring elves and unicorns, and a unicorn running beneath a castle lit by a full moon. *Id.*

Meanwhile, the world is in the midst of a global pandemic. The President has declared a national emergency. The Governor has issued a state-wide health emergency. As things stand, the government has forced all restaurants and bars in Chicago to shut their doors, and the schools are closed, too. The government has encouraged everyone to stay home, to keep infections to a minimum and help contain the fast-developing public health emergency.

The United States District Court for the Northern District of Illinois took action last week to protect the public, issuing General Order No. 20-0012 entitled **IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY**. *See www.ilnd.uscourts.gov* (last visited March 16, 2020) (bold and all caps in original). On March 16, the Executive Committee issued an amended Order that, among other things, holds all civil litigation in abeyance. *Id.*

Last week, Plaintiff filed a motion for a temporary restraining order (Dckt. No. 11) against the Defendants (who are located abroad) and requested a hearing. *See* Dckt. No. 1, at ¶ 12. This Court thought that it was a bad time to hold a hearing on the motion. So, this Court

moved the hearing by a few weeks to protect the health and safety of our community, including counsel and this Court's staff. *See* Dckt. No. 19. Waiting a few weeks seemed prudent.

Plaintiff has not demonstrated that it will suffer an irreparable injury from waiting a few weeks. At worst, Defendants might sell a few more counterfeit products in the meantime. But Plaintiff makes no showing about the anticipated loss of sales. One wonders if the fake fantasy products are experiencing brisk sales at the moment.

On the flipside, a hearing – even a telephonic one – would take time and consume valuable court resources, especially given the girth of Plaintiff's filings. *See* Dckt. Nos. 1, 6-7, 11-18. And the proposed temporary restraining order would require the attention of innocent third parties, and create a cascade of obligations. Plaintiff wants to force financial institutions to lock down accounts, and require domain name registries to shut down websites, for example. *See* Dckt. No. 12. Plaintiff requests an order forcing innocent third parties – such as Amazon, eBay, PayPal, Alibaba, Western Union, plus social media platforms such as "Facebook, YouTube, LinkedIn, [and] Twitter," plus internet search engines such as "Google, Bing and Yahoo," among others – to spring into action within two or three days. Either the order would be a nullity, or it would distract people who may have bigger problems on their hands right now.

In response, Plaintiff Art Ask Agency and its counsel filed a motion for reconsideration. *See* Dckt. No. 20. They ask this Court to re-think its scheduling order. They want a hearing this week (telephonically if need be).

Plaintiff recognizes that the community is in the midst of a "coronavirus pandemic." *Id.* at ¶ 3. But Plaintiff argues that it will suffer an "irreparable injury" if this Court does not hold a hearing this week and immediately put a stop to the infringing unicorns and the knock-off elves. *Id.* at ¶ 4. To top it off, Plaintiff noticed the motion for a hearing on March 19, 2020, a day that has been blocked off on the Court's calendar – as revealed on its webpage – for several weeks. *See* www.ilnd.uscourts.gov (last visited March 16, 2020) ("The Honorable Steven C. Seeger will not be holding court on Thursday, March 19, 2020 . . . .").

Meanwhile, the Clerk's Office is operating with "limited staff." *See* Amended General Order No. 20-0012, at ¶ 5. "[P]hone conferencing" is available "in emergency situations and where resources permit." *Id.* at ¶ 1. The Court can still hear emergency motions, but resources are stretched and time is at a premium. *Id.* at ¶ 4. If there's ever a time when emergency motions should be limited to genuine emergencies, now's the time.

Thirty minutes ago, this Court learned that Plaintiff filed yet another emergency motion. They teed it up in front of the designated emergency judge, and thus consumed the attention of the Chief Judge. *See* Dckt. No. 23. The filing calls to mind the sage words of Elihu Root: "About half of the practice of a decent lawyer is telling would-be clients that they are damned fools and should stop." *See Hill v. Norfolk and Western Railway Co.*, 814 F.2d 1192, 1202 (7th Cir. 1987) (quoting 1 Jessup, Elihu Root 133 (1938)).

The world is facing a real emergency. Plaintiff is not. The motion to reconsider the scheduling order is denied.

Date: March 18, 2020

Steven C. Seeger
United States District Judge

3