UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.2
Eastern Division

Art Ask Agency

Plaintiff,

v.

Case No.: 1:20−cv−01666

Honorable Steven C. Seeger

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 18, 2020:

MINUTE entry before the Honorable Steven C. Seeger: Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order (Dckt. No. [11]) is denied without prejudice. Injunctive relief is an "extraordinary remedy," and it is "not granted routinely." 11A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2942 (3d ed. 2019). "Perhaps the most significant single component in the judicial decision whether to exercise equity jurisdiction and grant permanent injunctive relief is the court's discretion." Id. It is a fact−specific inquiry, and "depends on the circumstances of each case." Id. Here, Plaintiff makes next to no showing that it will suffer irreparable harm unless this Court issues emergency relief. The gist of the motion is that Plaintiff will suffer harm from the sale (and the offer for sale) of counterfeit unicorn products on the internet. But Plaintiff gives this Court no information about the anticipated loss of sales. Not even an estimate. Plaintiff doesn't even tell this Court anything about its own sales, let alone anything about the volume of sales that it will lose without immediate Court action. Maybe the loss of sales is de minimis, or maybe not. But the point is that Plaintiff has made no such showing. A generic allegation of harm, without more, does not weigh heavily in the balance. On the flipside, one of the most important considerations before awarding equitable relief is the public interest. Here, Plaintiff proposes a bloated order that imposes extraordinary demands on third parties, including a wide array of technology companies and financial institutions. (Dckt. No. [30]) Plaintiff's proposed order would require immediate action, in a matter of days, from firms that have nothing to do with this case. In the meantime, the country is in the midst of a crisis from the coronavirus, and it is not a good time to put significant demands on innocent third parties. See generally General Order 20−0012 (as amended on March 17, 2020). All of them undoubtedly have (more) pressing matters on their plates right now. To put it bluntly, Plaintiff's proposed order seems insensitive to others in the current environment. Simply put, trademark infringement is an important consideration, but so is the strain that the rest of country is facing, too. It is important to keep in perspective the costs and benefits of forcing everyone to drop what they're doing to stop the sale of knock−off unicorn products, in the

midst of a pandemic. Without a showing of immediate, real–world harm, this Court cannot impose significant demands on third parties in the current environment. That said, this Court denies the motion without prejudice. Later, perhaps Plaintiff will make a better showing. But for now, Plaintiff has come up short (by a wide margin). As a reminder, the Court expects Plaintiff and its counsel to follow General Order 20–0012, including the admonition about emergency motions. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.